IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRAE ASSET FUNDING, L.P., | No. C 05-02490 WHA |
| Plaintiff, | |
| v. | **ORDER GRANTING MOTION FOR ORDER IN AID OF APPEAL AND EXECUTION OF JUDGMENT AND VACATING HEARING** |
| APPLIED FINANCIAL, LLC and APPLIED FINANCIAL OF MICHIGAN, L.P., | |
| Defendants & Counterclaimants, | |
| v. | |
| BRAE ASSET FUNDING, L.P. and GREATER BAY EQUIPMENT FINANCE, | |
| Counterclaim Defendants. | |

**INTRODUCTION**

In this contract dispute, by prior order dated August 14, 2006, summary judgment was entered in favor of plaintiff and counterclaim defendants and against defendants and counterclaimants. Plaintiff and counterclaim defendant Brae Asset Funding, L.P. moves for an order in aid of appeal and execution of judgment. For the reasons stated below, the motion is **GRANTED**.

**STATEMENT**

Following resolution of cross-motions for summary judgment and by stipulation of the parties, judgment in this case was entered on September 15. *See Brae Asset Funding, L.P. v.*

*Applied Fin., LLC*, No. C 05-02490 WHA, 2006 WL 2355474, at *1–*4 (N.D. Cal. Aug. 14, 2006). The judgment required defendants Applied Financial, LLC and Applied Financial of Michigan, L.P. to pay plaintiff Brae Asset Fund $282,685.92 in general damages. The stipulated judgment reserved the parties' rights to appeal the substance of the order granting plaintiff's motions for summary judgment and denying defendant's motion. Defendants' appeal is now pending before the Ninth Circuit.

Plaintiff also moves for an order in aid of appeal and execution of judgment, as well as discovery pending appeal. Plaintiff contends that during the litigation of this case, defendants merged and changed their name, and have their principal assets outside of this district. Accordingly, plaintiff seeks an order adding the original defendants' alleged successor-in-interest as a judgment debtor. Plaintiff also seeks discovery in aid of the judgment.[1]

**ANALYSIS**

**1.   RULE 69 AMENDMENT OF JUDGMENT.**

As discussed above, judgment was entered against defendants Applied Financial and Applied Financial of Michigan in September 2006. Plaintiff now contends that a new judgment debtor should be added, Marquette Equipment Finance. Based on plaintiff's internet research, during the litigation of this case, Applied Financial of Michigan let its registration with the State of Utah lapse. Furthermore, on August 1, 2006, Applied Financial was acquired by another company, Marquette Financial Companies, through its Phoenix-based subsidiary, Meridian Bank, N.A. Marquette Financial issued a press release discussing the deal, and stating that "all 75 of [Applied Financial's] employees, including its senior management team, have been retained." Furthermore, Applied Financial's website indicated that on the day judgment was entered in this case, September 15, 2006, "to further align itself with the guiding principles and common values of the new parent company, we officially changed our name to Marquette

---

[1] It should be noted that a significant portion of the order resolving the summary judgment motions was devoted to describing how defendants "blatantly sandbagged" plaintiff by filing oppositions and objections late. Applied Financial's late filings were stricken because of their extreme tardiness. *See Brae Asset Funding, L.P.*, 2006 WL 2355474, at *4–*5. Remarkably, defendants filed their opposition to the instant motion a day late. Defendants' motion for extension of time to respond was buried in its opposition to plaintiff's motion. Moreover, defendants base their request on meritless grounds, including that they did not receive plaintiff's motions until one day after the motions were filed. Defendants motion for an extension of time is **DENIED**.

2

1  Equipment Finance, a subsidiary of Meridian Bank, N.A." (LeBlanc Decl. ¶¶ 4, 7; LeBlanc
2  Exhs. A, C, D).

3        Generally, "the effective filing of a notice of appeal transfers jurisdiction from the
4  district court to the court of appeals with respect to all matters involved in the appeal."
5  *Masalosalo v. Stonewall Ins. Co.*, 718 F.2d 955, 956 (9th Cir. 1983). That rule, however, is
6  "not absolute." A district court is permitted to act "in aid of the appeal, or to correct clerical
7  mistakes, or in aid of execution of a judgment that has not been superseded." *In re Thorp*, 655
8  F.2d 997, 998 (9th Cir. 1981). This order finds that the instant situation justifies action "in aid
9  of execution of a judgment." If Marquette Financial is indeed the direct successor to the named
10 defendants (who may no longer exist as Applied Financial and Applied Financial of Michigan),
11 an order amending the judgment would aid significantly in the judgment's execution. Federal
12 Rule of Civil Procedure 69(a) provides:

> The procedure on execution, in proceedings supplementary to and
> in aid of a judgment, and in proceedings on and in aid of
> execution shall be in accordance with the practice and procedure
> of the state in which the district court is held, existing at the time
> the remedy is sought, except that any statute of the United States
> governs to the extent that it is applicable. In aid of the judgment
> or execution, the judgment creditor or a successor in interest when
> that interest appears of record, may obtain discovery from any
> person, including the judgment debtor, in the manner provided in
> these rules or in the manner provided by the practice of the state
> in which the district court is held.

19 The Ninth Circuit has held that Rule 69(a) "empowers federal courts to rely on state law to add
20 judgment-debtors." *In re Levander*, 180 F.3d 1114, 1120–21 (9th Cir. 1999). In *Levander*, the
21 Ninth Circuit permitted the addition of a judgment debtor pursuant to California law. There, the
22 original-named judgment debtor was believed to be "the proper party with the assets, when all
23 along, the [original judgment debtor] did not disclose to the court, that [another party] had
24 control of the assets." Indeed, the Ninth Circuit concluded that nondisclosure of the proper
25 party during the course of litigation amounted to fraud on the court. *Id.* at 1122.

26       Under Section 187 of the California Code of Civil Procedure, a court has authority to
27 amend a judgment to add additional judgment debtors if: (1) the new party is the alter ego of the
28 old party, and (2) the new party "controlled" the litigation, thereby having had the opportunity

3

to litigate, in order to satisfy due process concerns. *See Levander*, 180 F.3d at 1121. Here, plaintiff has presented compelling evidence that, while the motions for summary judgment were pending, defendants completed a merger with a subsidiary of Marquette Financial. Just over a month later, defendants changed their name to Marquette Equipment Finance. Defendants have presented no evidence to rebut plaintiff's showing. Nor have defendants made an offer of proof regarding Marquette Equipment Finance's relationship to the named defendants.

California does not require strict compliance with formal requirements for alter-ego liability when a party requests the addition of a judgment debtor. Here, Marquette Equipment Finance need only "fit within the theory underlying amendment of a judgment based on alter ego liability." *Id.* at 1122. This order finds that amendment of the judgment to add Marquette Equipment Finance would not "add a new defendant but [would] merely insert[] the correct name of the real defendant." *Id.* (quoting *Carr v. Barnabey's Hotel Corp.*, 23 Cal. App. 4th 14, 21 (1994)).

The second requirement for amendment under Section 187 is that the added party "controlled" the litigation. The *Levander* court upheld a finding that the newly-added company controlled the litigation where "the same group of individuals comprised [the two parties], they were present during the litigation, and one of the partners even contributed deposition testimony." Here, plaintiff's evidence shows that defendants have simply changed their name to Marquette Equipment Finance. All of the Applied Financial officers who were present during the litigation remain as officers of Marquette Equipment Finance. Defendants have not attempted to make any showing rebutting plaintiff's contention that Marquette Equipment Finance is not simply a new name for the entities that were previously involved in this litigation. Adding Marquette Equipment Finance as a judgment debtor raises no due process concerns.

Accordingly, pursuant to Rule 69(a) and Section 187, this order finds that the judgment should be amended to add Marquette Equipment Finance as a judgment debtor.

4

### 2.   REGISTRATION OF JUDGMENT IN A FOREIGN DISTRICT.

Plaintiff also moves for registration of the judgment in the District of Utah.  Defendant's opposition does not address this request.  Section 1963 of Title 28 provides:

> A judgment in an action for the recovery of money or property entered in any . . . district court . . . may be registered by filing a certified copy of the judgment in any other district . . . when the judgment has become final by appeal or expiration of the time for appeal or when ordered by the court that entered the judgment for good cause shown.  Such a judgment entered in favor of the United States may be so registered any time after judgment is entered.  A judgment so registered shall have the same effect as a judgment of the district court of the district where registered and may be enforced in like manner.

According to the statute, when an appeal is pending, good cause must be shown to have the judgment entered in a foreign district.  "The good cause requirement may be satisfied if the judgment debtor has substantial property in a foreign district and insufficient property in the rendering district to satisfy the judgment."  *Schreiver v. Kellogg*, 839 F. Supp. 1157, 1162 (E.D. Pa. 1993).  Here, because defendants do not contest that there are insufficient assets in California with which to satisfy the judgment, this order finds good cause exists to register the judgment in the District of Utah.

### 3.   RULE 69 DISCOVERY.

Finally, plaintiff also requests discovery pending appeal.  Specifically, plaintiff intends to depose (1) David DiCesaris, former CEO of defendants, and current CEO and director of Marquette Equipment Finance; and (2) James Christensen, the former president of defendants and current president of Marquette Equipment Finance.  Rule 69(a) allows that a judgment creditor "may obtain discovery from any person, including the judgment debtor."  Defendant's opposition does not address this request.

This order finds that, in light of Rule 69's express permission of discovery "in aid of the judgment or execution" and defendant's lack of opposition to the request, plaintiff may depose the above-named individuals.  "If a judgment may be executed upon after an appeal has been filed, certainly discovery in aid of its execution is not precluded by the filing of an appeal." *Nat'l Serv. Indus., Inc. v. Vafla Corp.*, 694 F.2d 246 (11th Cir. 1982) (citing *Hovey v. McDonald*, 109 U.S. 150, 157 (1883)).  Plaintiff's request for discovery must be granted.

5

**CONCLUSION**

For the foregoing reasons: (1) Marquette Equipment Financial is added to the judgment as a judgment debtor; (2) the judgment in this action shall be registered in the District of Utah; and (3) plaintiff is entitled to Rule 69 discovery. The hearing on this motion, currently scheduled for December 7, 2006, is hereby **VACATED**.

**IT IS SO ORDERED.**

Dated: December 4, 2006

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

6