IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

BRAE ASSET FUNDING, L.P.,

      Plaintiff,

  v.

APPLIED FINANCIAL, LLC and APPLIED
FINANCIAL OF MICHIGAN, L.P.,

      Defendants &
Counterclaimants,

  v.

BRAE ASSET FUNDING, L.P. and
GREATER BAY EQUIPMENT FINANCE,

      Counterclaim Defendants.

_____/

No. C 05-02490 WHA

**ORDER GRANTING MOTION
FOR ATTORNEY'S FEES AND
VACATING HEARING**

**INTRODUCTION**

      In this contract dispute, by prior order dated August 14, 2006, summary judgment was

entered in favor of plaintiff and counterclaim defendants and against defendants and

counterclaimants.  Plaintiff and counterclaim defendant Brae Asset Funding, L.P. and

counterclaim defendant Greater Bay Equipment Finance now move for attorney's fees and

costs.  For the reasons stated below, the motion is **GRANTED**.

**STATEMENT**

      The August 14 order detailed the factual and procedural background of this action.  *See*

*Brae Asset Funding, L.P. v. Applied Fin., LLC*, No. C 05-02490 WHA, 2006 WL 2355474, at

*United States District Court*
For the Northern District of California

1   *1–*4 (N.D. Cal. Aug. 14, 2006).  The action arose out of a fraud perpetrated by corporate

2   officers at Cyberco Holdings, Inc.  Cyberco executives had fraudulently misrepresented

3   Cyberco's financial condition to various lenders.  Defendants Applied Financial, LLC

4   ("Applied Financial") and Applied Financial of Michigan, through a predecessor, had leased

5   computer hardware to Cyberco.  In February 2003, the lease and property were transferred to

6   counterclaim defendant Greater Bay Equipment Finance, with Applied Financial of Michigan

7   representing in a security agreement that the property had been delivered to and accepted by

8   Cyberco.  Furthermore, Applied Financial unconditionally guaranteed the accuracy and

9   completeness of Applied Financial of Michigan's representations and warranties.

10        Greater Bay attempted to inspect the assets several times.  The assets were never found.

11   Greater Bay sold its interest in the agreements to plaintiff Brae Asset after initiation of the

12   instant action.  The complaint contended that Applied Financial and Applied Financial of

13   Michigan breached their agreements and guaranty, which had vouched for the existence of the

14   leased property.  The complaint also included claims of intentional misrepresentation, negligent

15   misrepresentation, fraudulent non-disclosure, and recission.  Defendants counterclaimed that

16   Greater Bay and Brae Asset had not used reasonable care to preserve collateral, and that

17   defendants were entitled to payments from Greater Bay and Brae Asset under the contract.

18        The August 14 order disposed of several simultaneous motions for summary judgment

19   filed by the parties.  Plaintiff moved for summary judgment on its breach-of-contract claims.

20   Plaintiff also moved for summary judgment on the counterclaims.  Those motions were granted.

21   Defendant Applied Financial moved for summary judgment on the complaint's claims, but not

22   the counterclaims.  That motion was denied.  Plaintiff's claims for intentional

23   misrepresentation, fraudulent non-disclosure, and negligent misrepresentation were dismissed

24   by subsequent stipulation of the parties.  Also by stipulation of the parties, judgment was

25   entered on September 15.  The judgment required defendants Applied Financial, LLC and

26   Applied Financial of Michigan, L.P. to pay plaintiff Brae Asset Fund $282,685.92 in general

27   damages.  The stipulated judgment reserved the parties' rights to appeal of the substance of the

28

United States District Court
For the Northern District of California

2

1   order granting plaintiff's motions for summary judgment and denying defendant's motion.

2   Defendants' appeal is now pending before the Ninth Circuit.

3       Plaintiff and counterclaim defendants now move for attorney's fees pursuant to the

4   security agreement and guaranty entered into by the parties.

5   **ANALYSIS**

6       The parties' agreements and the guaranty have choice-of-law provisions providing that

7   they are governed by Utah state law.  "An award of attorneys' fees incurred in a suit based on

8   state substantive law is generally governed by state law."  *Champion Produce, Inc. v. Ruby*

9   *Robinson Co.*, 342 F.3d 1016, 1024–25 (9th Cir. 2003).  In Utah, parties are entitled to

10   attorney's fees and costs only if authorized by statute or by contract.  *See Dixie State Bank v.*

11   *Bracken*, 764 P.2d 985, 988 (Utah 1988).

12       Paragraph 5 of the security agreement entered into by Greater Bay and Applied

13   Financial of Michigan states: "[Greater Bay Equipment Finance] shall be entitled to obtain

14   reimbursement for all reasonable costs, attorneys' fees and legal expenses incurred by it in

15   repairing the Property, in collecting the Indebtedness and otherwise exercising such rights and

16   remedies under this Agreement and the Note, which shall be considered additional Indebtedness

17   hereunder" (June 22 Garecht Exh. A at 3).  The guaranty made by Applied Financial also states:

18   "In the event of any action to enforce this Guaranty, the prevailing party shall be entitled to

19   recover all costs and expenses, including attorneys fees" (June 22 Garecht Exh. B at 2).

20       Plaintiff and counterclaim defendants are plainly entitled to attorney's fees because they

21   prevailed on their claims of (1) breach of the security agreement by Applied Financial of

22   Michigan and (2) breach of the guaranty by Applied Financial.  Defendants contend that

23   plaintiff was only "partially successful" and, therefore, that the request for fees is unreasonable

24   (Opp. 7).  This is untrue.  The August 14 order ruled against defendants on the contract claims.

25   It left for trial plaintiff's claims for intentional misrepresentation, fraudulent nondisclosure, and

26   negligent misrepresentation.  Those claims were ultimately dropped.  That plaintiff eliminated

27   certain claims for relief from its complaint does not mean plaintiff was only partially successful.

28   As of January 10, 2005, there was $258,022.25 remaining due on the lease (June 22 Garecht

1    Decl. ¶ 12). Judgment in the amount of $282,685.92 was awarded against defendants in favor

2    of plaintiff (Docket No. 81). It is clear that for Brae Asset, which recovered all of the

3    outstanding amount due on the lease, victory in this action was complete.

4           Defendants claim that movants filed their motion in violation of Civil Local Rule 54-1.

5    Rule 54-1 requires parties seeking costs to file a bill of costs within fourteen days of entry of

6    judgment. The instant motion for attorney's fees, however, was filed pursuant to Civil Local

7    Rule 54-6 and Federal Rule of Civil Procedure 54(d)(2), which govern motions for attorney's

8    fees. Plaintiffs correctly point out that defendant's own authority supports the conclusion that

9    seeking recovery of costs under a contractual attorney's fees provision is an alternative means

10   to recover costs. *See LeBlanc-Sternberg v. Fletcher*, 143 F.3d 748, 763 (2d Cir. 1998)

11   ("[A]ttorney's fees awards include those reasonable out-of-pocket expenses incurred by

12   attorneys and ordinarily charged to their clients."). The request for inclusion of costs in the

13   motion for attorney's fees is appropriate.

14          Moreover, it appears that it was in fact defendants who violated the local rules. Under

15   Civil Local Rule 54-6, "[c]ounsel for the respective parties must meet and confer for the

16   purpose of resolving all disputed issues relating to attorney's fees before making a motion for

17   award of attorney's fees." By letter dated August 15, 2006, plaintiff's counsel informed defense

18   counsel of its intent to seek attorney's fees. No response was received. Plaintiff's counsel

19   followed up with another letter on August 25. Defense counsel responded by e-mail on

20   August 30, indicating a willingness to meet and confer but requesting that plaintiff's counsel set

21   a date for the meeting. Plaintiff's counsel's attempts to reach defense counsel to set a mutually

22   convenient date and time were apparently "fruitless." By e-mail dated October 11, 2006,

23   plaintiff's counsel again informed defense counsel that "the District Court's guidelines require

24   that we attempt to meet and confer." By reply e-mail dated October 12, counsel for defendants

25   responded: "At this point, my client has advised that they are instructing me to oppose the

26   amount of the fees and costs as disproportionate and unreasonable. Other than that they haven't

27   had too much else to add" (Tiemstra Decl. ¶¶ 21–24; Tiemstra Exhs. C–F).

28

United States District Court

For the Northern District of California

4

United States District Court
For the Northern District of California

1   Despite plaintiffs' repeated attempts to meet and confer, it is clear that defendants and
2   their counsel unreasonably stonewalled plaintiffs.  It is remarkable that defendants and their
3   counsel, whom this Court already described as having "blatantly sandbagged" plaintiff, would
4   engage in further dilatory litigation tactics.  *See Brae Asset Funding, L.P.*, 2006 WL 2355474,
5   at *4–*5.  Defendants and defense counsel's unwillingness to follow the Court's rules will
6   likely end up costing them more in attorney's fees than they would have paid had they simply
7   played fair.
8       This order finds that movants are entitled to attorney's fees pursuant to the terms of the
9   security agreement and guaranty.

10                              **CONCLUSION**

11      Accordingly, plaintiff and counterclaim defendants motion for attorney's fees is
12  **GRANTED**.  An accompanying order will explain the procedure for determining the amount of
13  fees awarded.  The hearing on this motion, currently scheduled for December 7, 2006, is hereby
14  **VACATED**.

16      **IT IS SO ORDERED.**

18  Dated:  December 4, 2006

19                              _____
                                WILLIAM ALSUP
                                UNITED STATES DISTRICT JUDGE

5