IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

BRAE ASSET FUNDING, L.P.,

    Plaintiff,

  v.

APPLIED FINANCIAL, LLC and APPLIED FINANCIAL OF MICHIGAN, L.P.,

    Defendants & Counterclaimants,

  v.

BRAE ASSET FUNDING, L.P. and GREATER BAY EQUIPMENT FINANCE,

    Counterclaim Defendants.

No. C 05-02490 WHA

**ORDER RE PROCEDURE TO DETERMINE AMOUNT OF ATTORNEY'S FEES AND COSTS**

    1.    As recently held, Brae Asset Funding, L.P. and Greater Bay Equipment Finance are entitled to recover fees and costs.

    2.    The following procedure will be used to determine the amount of an award herein. It will be structured to allow meaningful evaluation of the time expended.

    3.    No later than **DECEMBER 22, 2006**, plaintiff and counterclaim defendants' attorneys must file and serve a detailed declaration, organized by discrete projects, breaking down all attorney and paralegal time sought to be recovered. For each project, there must be a detailed description of the work, giving the date, hours expended, attorney name, and task for each work entry, in chronological order. A "project" means a deposition, a motion, a witness interview, and so forth. It does not mean generalized statements like "trial preparation" or

1  "attended trial." It includes discrete items like "prepare supplemental trial brief on issue X."

2  The following is an example of time collected by a project.

PROJECT: ABC DEPOSITION (2 DAYS IN FRESNO)

| Date | Time-keeper | Description | Hours x | Rate = | Fee |
|---|---|---|---|---|---|
| 01-08-01 | XYZ | Assemble and photocopy exhibits for use in deposition | 2.0 | $100 | $200 |
| 01-09-01 | RST | Review evidence and prepare to examine ABC at deposition | 4.5 | $200 | $900 |
| 01-10-01 | XYZ | Research issue of work-product privilege asserted by deponent | 1.5 | $100 | $150 |
| 01-11-01 | RST | Prepare for and take deposition | 8.5 | $200 | $1700 |
| 01-12-01 | RST | Prepare for and take deposition | 7.0 | $200 | $1400 |
| | | Project Total: | 23.5 | | $4350 |

4. All entries for a given project must be presented chronologically one after the other, *i.e.*, uninterrupted by other projects, so that the timeline for each project can be readily grasped. Entries can be rounded to the nearest quarter-hour and should be net of write-down for inefficiency or other cause. Please show the sub-totals for hours and fees per project, as in the example above, and show grand totals for all projects combined at the end. Include only entries for which compensation is sought, *i.e.*, after application of "billing judgment." For each project, the declaration must further state, in percentage terms, the proportion of the project directed at issues for which fees are awardable and must justify the percentage. This percentage should then be applied against the project total to isolate the recoverable portion (a step not shown in the example above).

5. A separate summary chart of total time and fees sought per individual timekeeper (not broken down by project) should also be shown at the end of the declaration. This cross-tabulation will help illuminate all timekeepers' respective workloads and roles in the overall case.

2

6. The declaration must also set forth (a) the qualifications, experience and role of each attorney or paralegal for whom fees are sought; (b) the normal rate ordinarily charged for each in the relevant time period; (c) how the rates were comparable to prevailing rates in the community for like-skilled professionals; and (d) proof that "billing judgment" was exercised. On the latter point, as before, the declaration should describe adjustments made to eliminate duplication, excess, associate-turnover expense, and so forth. These adjustments need not be itemized but totals for the amount deleted per timekeeper should be stated. The declaration must identify the records used to compile the entries and, specifically, state whether and the extent to which the records were contemporaneous versus retroactively prepared. It must state the extent to which any entries include estimates (and what any estimates were based on). Estimates and/or use of retroactively-made records may or may not be allowed, depending on the facts and circumstances.

7. Ordinarily, no more than one attorney and one paralegal need be present at a deposition; more will normally be deemed excessive. Ordinarily, no more than one attorney need attend a law-and-motion hearing; more will normally be deemed excessive. To allow for symmetry, however, the award will take into account the staffing used by the opposing party.

8. If the opposing party doubts the accuracy of the declaration, then the moving party must immediately produce the original underlying time records for inspection upon request. The opposing party must then file and serve any opposition. In this case, the opposition will be due **fourteen calendar days** after plaintiff's detailed declaration is filed. If the opposing party contends that any item or project was excessive, then the opposition must explain why and provide a declaration setting forth completely all time expended by the opposing party on the same and on similar projects, in the same format described above, so that symmetry may be considered, making available the underlying records for inspection if requested. If any billing rates are challenged, then the opposition must state the billing rates charged to the opposing party for all professionals representing the opposing party in the case and their experience levels. The opposing declaration must also state, as to each project, the percentage of the project the opposition contends was directed at issues on which fees are

1  awardable, stating reasons for the percentage.  This percentage should then be applied against
2  the project total to isolate the recoverable portion.

3       9.     The opposing submissions may not simply attack the numbers in the application.
4  It must also set forth a counter-analysis.  The counter-analysis should be in the same format
5  required of the applicant, arriving at a final number.  The opposition must clearly identify each
6  line item in the application challenged as excessive, improper or otherwise unrecoverable and
7  explain why.  The opposition, for example, may annotate (legible handwriting will be
8  acceptable) the applicant's declaration to isolate the precise numbers at issue.

9       10.     With the benefit of both sides' filings, representatives of the parties with final
10  decision authority shall meet in person and confer to try to resolve all differences as to the
11  amount.  If no agreement is reached, the moving party must file and serve a declaration showing
12  full compliance with this paragraph, explaining when, where and who met, their decision
13  authority, how long they met, what documents were reviewed together, and the principal points
14  of disagreement.  This must be done within **28 calendar days** of the filing of movant's detailed
15  declaration.

16       11.     If no agreement is reached, a special master shall be appointed.  If the parties
17  cannot agree on a special master, then the Court shall select a special master.  The parties must
18  so advise the Court on this within **28 calendar days** of the filing of movant's detailed
19  declaration.

20       12.     The special master shall have all the powers set forth in FRCP 53(c) and
21  FRCP 54(d)(2)(D).  The parties shall provide the special master with copies of all motion
22  papers and other documents relevant to this dispute.  The special master shall review the briefs
23  and declarations by the parties on the pending motion, hear argument, and then determine a
24  reasonable amount to award, including any fees on fees.  The special master shall also
25  determine the extent to which any discovery should be permitted — with the caution that further
26  discovery should be the exception and not the rule.  The special master shall then prepare and
27  file a report on recommended findings and amount.
28

4

13. Absent any supplementation allowed by the special master, the foregoing submissions (together with the briefs already filed) shall be the entire record for the motion. There will be no replies unless allowed later by the special master. Any further submissions for the special master's use should not be filed with the Court. If objections are later made to the special master's report, the objecting party must file a declaration submitting to the Court a complete appendix of relevant communications with the special master.

14. The Court will allocate the fees of the special master in a fair and reasonable manner, taking into account the reasonableness of the parties' respective positions and the special master's recommendation in this regard. If the movant must pay, then the special master's compensation shall be *deducted* from the attorney's fee award. If the opposing party must pay the special master, then it shall pay the special master *and* pay the award. The Court will, however, reserve final judgment on allocation of the expense of the special master until a final determination of the fee issue. A final award shall then be entered.

15. Costs will be determined in strict compliance with the local rules. If a review is sought regarding taxable costs, then the issue may also be referred to a special master (or may not).

**IT IS SO ORDERED.**

Dated: December 4, 2006

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

5